| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION | |
| Case number *(if known)* _____  Chapter __11__ | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **560 Seventh Avenue Owner Secondary LLC** | |
|---|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 82-3373486 | |
| 4. | **Debtor's address** | **Principal place of business** **560 Seventh Avenue** **New York, NY 10018-1801** Number, Street, City, State & ZIP Code  **New York** County | **Mailing address, if different from principal place of business** _____ P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business** _____ Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ | |

Debtor __560 Seventh Avenue Owner Secondary LLC__   Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__5511__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____   When _____   Case number _____
District _____   When _____   Case number _____

Debtor  **560 Seventh Avenue Owner Secondary LLC**  Case number (*if known*) _____
   Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
 What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
         Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
    Contact name _____
    Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor  **560 Seventh Avenue Owner Secondary LLC**  Case number (*if known*) _____
     Name

|  |  |  |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **560 Seventh Avenue Owner Secondary LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 7, 2023**
              MM / DD / YYYY

X **/s/ Sethian Pomerantz**                             **Sethian Pomerantz**
  Signature of authorized representative of debtor       Printed name

Title   **President**

**18. Signature of attorney**

X **/s/ Kevin J. Nash**                     Date **July 7, 2023**
  Signature of attorney for debtor                MM / DD / YYYY

**Kevin J. Nash**
Printed name

**Goldberg Weprin Finkel Goldstein LLP**
Firm name

**125 Park Ave Fl 12**
**New York, NY 10017-5690**
Number, Street, City, State & ZIP Code

Contact phone **(212) 221-5700**     Email address **knash@gwfglaw.com**

**Kevin J. Nash**
Bar number and State

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                   Chapter 11

560 Seventh Avenue Owner Secondary LLC,                      Case No.

                                              Debtor.
---------------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Sethian Pomerantz declares the following under penalties of perjury pursuant to 28 U.S.C. §1746:

1. I am the President and sole officer of 560 Seventh Avenue Owner Secondary LLC (the "Debtor"), which is the mezzanine entity holding the 100% membership interest of the Margaritaville Resort Times Square Hotel located at 560 Seventh Avenue, New York, NY (the "Hotel"). Following a duly noticed special meeting of the Debtor's Independent Managers, I have been authorized by a unanimous vote of the Independent Managers to commence a Chapter 11 petition on behalf of the Debtor, and I will oversee the Debtor's reorganization, likely in conjunction with a subsequent filing by the Hotel itself. I have been active in the business of the Hotel since inception and, as such, I am familiar with the Debtor's financial and legal affairs

2. The immediate purpose of this Chapter 11 case is to stay a UCC foreclosure auction sale of the Debtor's 100% membership interest in the Hotel. The auction sale is scheduled for July 10, 2023. The Debtor was unable to obtain a TRO to stay the auction sale in the state court, triggering the urgency for the bankruptcy filing.

3. The Hotel is subject to multiple credit facilities, including a senior mortgage loan, senior mezzanine loan and junior mezzanine loan, aggregating $309 million, plus accrued interest. The Debtor's 100% membership interest in the Fee Owner is subject to a pledge

1

agreement (the "Pledge") made with the lead mezzanine lender, AREPIII MVTS, LLC (the "Senior Mezz Lender") securing a mezzanine loan in the original principal amount of $57,000,000, plus millions of dollars of accrued interest, the precise amount of which is disputed.

4. A junior mezzanine loan in the original principal amount of $85 million was provided by Global One Professional Investment Type Private U.S. Real Estate Investment Trust No. 1(H) and Global One Professional Investment Type Private U.S. Real Estate Investment Trust No. 2(H) ("Global One") and is secured by a pledge of the 100% membership interest in the Debtor held by 560 Seventh Owner Mezz LLC.

5. The Hotel itself is subject to a consolidated senior mortgage lien in the principal amount of $167 million issued by OWS BCA Funding LLC.

6. The Chapter 11 petition is being filed on an emergency basis and will be supplemented with the filing of a full set of schedules and statements within the next fifteen (15) days.

**Salient Events Leading up to the Chapter 11 Filing**

7. The Hotel consists of 234 guest rooms and 34,271 square feet of retail space. The Hotel was appraised in May 2023 as having a value of between $266 million and $350 million, and it employs approximately 75 people.

8. The Hotel opened in 2021 amid challenging market conditions arising in connection with the Covid-19 pandemic, resulting in operating shortfalls during its stabilization period. On a positive note, the Hotel's revenues are improving and are projected to exceed $25 million by the end of 2024 once various vacant retail space is leased.

2

9. The ultimate business goal of the Debtor is to refinance the Hotel's existing mortgage and mezzanine debt based upon negotiated pay-offs with creditors.

10. Just prior to bankruptcy, the Debtor commenced an against the Senior Mezz Lender in the Supreme Court, New York County (Index No. 653095/2023), and filed an Order to Show Cause to stay the auction sale. Following a hearing, on Friday, July 7, 2023 the Order to Show Cause was denied based upon a finding that the Debtor retains claims for monetary damages arising out of the Senior Mezz Lender's failure to proceed in a commercially reasonable manner. The Debtor is seeking immediate Chapter 11 relief because the Hotel will be forfeited by an auction sale, and the opportunity to pay creditors will be lost.

11. Given the projections for future income, the appraised value of the Hotel, and the solid location in Times Square where tourism is reviving, the Debtor believes that a refinancing of the Hotel can ultimately be achieved within a reasonable period of time.

**Local Rule 1007-2 Disclosures**

12. Pursuant to Local Rule 1007-2(a)(2) and (3), no committees were formed prior to the filing of the Petition.

13. Pursuant to Local Rule 1007-2(a)(4), a list of the names and address of the Debtor's creditors is attached hereto.

14. Pursuant to Local Rule 1007-2(a)(5), the Senior Mezz Lender holds a lien against the Debtor's membership interest in the Hotel pursuant to a certain pledge agreement.

15. Pursuant to Local Rule 1007-2(a)(6), a summary of the assets and liabilities of the Debtor will be set forth in the Schedules to be filed shortly.

16. Pursuant to Local Rule 1007-2(a)(7), the Debtor's 100% membership interests are held entirely by 560 Seventh Owner Mezz LLC.

3

17. Pursuant to Local Rule 1007-2(a)(8), the Debtor's sole asset is its 100% membership interest in the Hotel.

18. Pursuant to Local Rule 1007-2(a)(9), the Debtor does not own any real property directly, but owns the 100% membership interest in the Hotel.

19. Pursuant to Local Rule 1007-2(a)(10), the Debtor's books and records are maintained by me at my offices in Manhattan.

20. Pursuant to Local Rule 1007-2(a)(11), a schedule of pending lawsuits is attached hereto.

21. Pursuant to Local Rule 1007-2(a)(12), I will not receive a salary or other compensation from the Debtor during the Chapter 11 case.

22. Pursuant to Local Rule 1007-2(b), an operating budget will be filed in connection with the likely Chapter 11 filing by the Hotel.

Dated: New York, NY
       July 7, 2023

_____
Sethian Pomerantz, President

# MINUTES AND COMPANY RESOLUTIONS
# RELATING TO THE COMMENCEMENT OF CHAPTER 11 CASES AS NEEDED

**WHEREAS,** pursuant to Notice dated July 3, 2023, a special meeting of the Mezz Company, as defined below, was duly, noticed, called and convened via Zoom platform on July 7, 2023 at 3:00 p.m., at which time members of the Executive Committee of the Hotel, appeared along with Independent Managers for the Mezz Company, Kristine E. Eppes and Benjamin L. Hancock, to consider the filing of Chapter 11 petition on behalf of the Mezz Company; and

**WHEREAS**, 560 Seventh Avenue Owners Secondary LLC (the "Mezz Company"), is the equity holder of 560 Seventh Avenue Owners Primary LLC (the "Fee Owner"), which is the owner of a certain 234 room hotel known as the Margaritaville Resort Times Square Hotel located at 560 Seventh Avenue, New York, NY (the "Hotel");

**WHEREAS**, the Hotel opened in 2021 during the midst of the Covid-19 pandemic and labored under challenging marketing conditions resulting in operating shortfalls during its period of stabilization, although the Hotel's revenues are improving and are projected to exceed $25 million by 2024;

**WHEREAS**, the Hotel is subject to multiple credit facilities, including a senior mortgage loan, senior mezzanine loan and junior mezzanine loan;

**WHEREAS**, the Fee Owner is seeking to refinance all existing mortgage and mezzanine debt based upon indicative pay-offs from the respective lenders;

**WHEREAS**, the lead mezzanine lender, AREP II MVTS LLC (the "Mezz Lender"), has declared a default and issued a notice of disposition of collateral relating to a UCC sale of membership interests of the Mezz Company at public auction presently scheduled for July 10, 2023 (the "Public Auction");

**WHEREAS**, the Public Auction of the membership interests threatens the operations and future control of the Hotel;

**WHEREAS**, the Mezz Company has commenced certain litigation against the Mezz Lender in the Supreme Court, New York County, and filed an Order to Show Cause to stay the Public Auction sale based upon claims that the sale is not being conducted in a commercially reasonable manner;

**WHEREAS**, a hearing on the Order to Show Cause was held on July 7, 2023;

**WHEREAS**, pursuant to the terms of the Limited Liability Company Agreement of the Mezz Company, the commencement of a bankruptcy case requires the prior unanimous written consent of the Member and the Independent Managers,  and

**WHEREAS**, the undersigned being the Member and the Independent Managers of Mezz Company, in accordance with the Delaware Limited Liability Company Act, 6 *Del. C.* § 18-101

*et. Seq.* and the Limited Liability Company Agreement of Mezz Company, as amended in September 2021 (the "Agreement"), do hereby consent to, adopt, authorize and approve the following resolutions as of July 7, 2023;

**WHEREAS**, the Member and the Independent Managers have considered the financial and operational conditions of the Mezz Company and have reviewed supporting documentation and the advice and recommendation of the Mezz Company's professional and advisors with respect to the options available to the Mezz Company, including the possibility of pursuing a restructuring of the Mezz Company's business and assets under title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

**NOW, THEREFORE IT IS HEREBY RESOLVED**, that after consideration of the alternatives and the advise of the Mezz Company's professionals and advisors, the Member has determined in its business judgment that it is in the best interests of the Mezz Company, its creditors, interest holders, and other interested parties and the Independent Managers having been asked to consent to a Material Action pursuant to Section 9(d)(iii) of the Agreement, and considering their fiduciary duties, if any, as provided under the Agreement that a voluntary petition be filed by the Mezz Company seeking
under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Petition"), and the filing of such Petition be, and hereby is, authorized in all respects; and it is.

**FURTHER RESOLVED**, that Sethian Pomeranz, as the President of the Mezz Company, is designated and authorized to be in charge of restructuring, responsible to oversee the legal restructuring of the Mezz Company under Chapter 11 on a day-to-day basis; and it is

**FURTHER RESOLVED**, that Sethian Pomeranz is authorized (a) to execute the Chapter 11 petition and all other accompanying documents on behalf of the Mezz Company, and cause the same to be filed with the Bankruptcy Court; and (b) to negotiate, execute, verify and file, or cause to be executed, verified and filed, all necessary documents, including, without limitation, all petitions, affidavits, schedules, statements, lists, motions, applications, pleadings and other papers or documents necessary or desirable to prosecute the Chapter 11 case and in that connection to employ and retain legal counsel, financial advisors, accountants and other professionals and to take any and all action he deems necessary and proper in connection with the bankruptcy case; and it is

**FURTHER RESOLVED**, that The Mezz Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

**IN WITNESS WHEREOF**, the undersigned Member and Independent Managers hereby consent to and approve and adopt these resolutions as of the date set forth above and direct that this Written Consent be filed with the Company's minutes and official records.

_____
Kristine E. Eppes, Independent Manager

_____
Benjamin L. Hancock, Independent Manager

_____
560 SEVENTH OWNER MEZZ LLC

By Sethian Pomerantz

Title: President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                  Chapter 11

560 Seventh Avenue Owner Secondary LLC,                      Case No.

                                       Debtor.
---------------------------------------------------------------x

## LIST OF EQUITY HOLDERS

560 Seventh Owner Mezz LLC   100%

Dated: New York, New York
           July 7, 2023

                                                                560 Seventh Avenue Owner Secondary LLC

                                                                By: _____
                                                                       Name: Sethian Pomerantz
                                                                       Title:   President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                    Chapter 11

560 Seventh Avenue Owner Secondary LLC,                        Case No.

                                             Debtor.
---------------------------------------------------------------x

# **LIST OF LAWSUITS**

1.    560 Seventh Avenue Owners Secondary LLC v. AREPIII MVTS LLC
      Index No. 653095/2023
      Supreme Court, New York County

      Attorneys for the Defendant:
      Zachary S. Zwillinger, Esq.
      Paul Hastings LLP
      200 Park Avenue
      New York, NY 10166

Dated: New York, New York
       July 7, 2023

                                            560 Seventh Avenue Owner Secondary LLC,

                                   By: _____
                                         Name: Sethian Pomerantz
                                         Title: President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:     Chapter 11

560 Seventh Avenue Owner Secondary LLC,     Case No.

                                 Debtor.
---------------------------------------------------------------x

# RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, 560 Seventh Avenue Owner Secondary LLC certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
        July 7, 2023

                                         560 Seventh Avenue Owner Secondary LLC,

                                By: _____
                                       Name:  Sethian Pomerantz
                                       Title:    President

AREPIII MVTS LLC
c/o Arden Group
1600 Market Street, Suite 2600
Philadelphia, PA 19103

Brian Nath
1600 Market Street, Suite 2600
Philadelphia, PA 19103

Eric F. Allendorf, Esq.
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

CREP Times Square Hotel LLC
c/o Corten Real Estate Partners
Attn: Brandon Fury, Principal
1000 N. West Street, Suite 913
Wilmington, DE 19801

ArentFox Schiff LLP
Attn: Richard L. Brand, Esq.
1717 K. Street N.W.
Washington, D.C. 20006

FTI Consulting
Attn: Eun Suk Oh
1166 Avenue of the Americas, 15th Floor
New York, NY 10036

Faegre Drinker Biddle & Reath LLP
Attn: Jinho Alex Yim
1177 Avenue of the Americas, 41st Floor
New York, NY 10036

OWS CRE Funding I, LLC
Attn: Victor Diaso
299 Park Avenue, 25th Floor
New York, NY 10171

Global One Asset Management
4F, Hanyang Bldg, 18, Gukhoe-daero 70-gil
Yeongdeungpo-gu, South Korea 07237

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

```
NYC Dep't of Finance
Legal Affairs, Collection Unit
375 Pearl St Apt 30
New York, NY 10038-1442

NYC Dept of Law
Attn: Bernadette Brennan, Esq.
100 Church St Rm 5-233
New York, NY 10007-2601

NYS Attorney General
28 Liberty St
New York, NY 10005-1400

NYS Dep't of Taxation
Bankruptcy/Special Procedure
PO Box 5300
Albany, NY 12205-0300
```