```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK

-----------------------------------
In re:                             :    Case No.  23-11071-pb
                                   :    New York, NY
  560 SEVENTH AVENUE OWNER         :    August 4, 2023
  SECONDARY LLC                    :    3:00 p.m. - 3:30 p.m.
                         Debtor.   :
-----------------------------------


                     TRANSCRIPT - 23-11071-pb
            BEFORE THE HONORABLE JUDGE PHILIP BENTLEY
                 UNITED STATES BANKRUPTCY JUDGE
    Doc #10 Motion for Relief from Stay filed by Harvey A. Strickon
    on behalf of AREPIII MVTS, LLC and CREP TIMES SQUARE HOTEL LLC
```

A P P E A R A N C E S :

*For the Debtor:*           Kevin J. Nash, Esq.
                            Goldberg Weprin Finkel Goldstein LLP
                            125 Park Avenue, 12th floor
                            New York, NY 10017
                            212-301-6944

*For the Secured Parties:*  Harvey A. Strickon, Esq.
                            Paul Hastings Janofsky Walker LLP
                            75 East 55th Street
                            New York, NY 10022-3205
                            212-318-6000

*Transcript produced by:*   Pro-To-Type
                            17 Fifth Street
                            Middletown, New York 10940
                            (845) 342-0192

1           DEPUTY:  Good afternoon.  This is Greg White, the
2  Courtroom Deputy.  The hearing will begin in a few minutes.  I
3  just need to read a statement first.
4           Please mute your cell phones.  Make sure there are no
5  electronic devices or notifications that will interfere with
6  the recording.  Mute your line if not speaking.  A party can
7  mute themselves by clicking mute on the lower lefthand corner
8  of your screen.
9           Also, this hearing is a court proceeding and any
10 recording other than the official court version is prohibited.
11 All persons are strictly prohibited from making any recording
12 or reproduction of court proceedings whether by video, audio,
13 screenshots, or otherwise.  Violation of this may result in
14 sanctions.
15          Thank you, and the hearing will begin in just a
16 moment.
17          Good afternoon.  This is Greg White, the Courtroom
18 Deputy.  We're here today on Case No. 23-11071, 560 Seventh
19 Avenue Owner Secondary LLC, on the motion for relief from stay.
20          At this time, for those who wish to speak, please
21 state your name and who you represent for the record, please.
22          MR. NASH:  Good afternoon.  Kevin Nash for the
23 Debtor.
24          MR. STRICKON:  Harvey Strickon, Paul Hastings, for
25 the secured parties.

| | |
|---|---|
| 1 | COURT DEPUTY: Okay. Thank you. The judge will be |
| 2 | out in just a moment. |
| 3 | THE COURT: Good afternoon. |
| 4 | MR. NASH: Good afternoon, Your Honor. |
| 5 | THE COURT: This is a status conference to follow up |
| 6 | on yesterday's hearing, and Mr. Strickon, I have your letter. |
| 7 | Thank you. And I do not have a response from Mr. Nash, so |
| 8 | maybe let's start with his response. You made a few requests |
| 9 | in your letter. |
| 10 | MR. NASH: I apologize, Your Honor. I thought I sent |
| 11 | an email that, you know, was somewhat cryptic. I said that's |
| 12 | okay or some words to that effect. |
| 13 | THE COURT: Well, you know what? I don't doubt that |
| 14 | you sent it, but I actually did not receive it. |
| 15 | MR. STRICKON: I did see it, Your Honor. It came |
| 16 | relatively quickly after my letter came in. Mr. Nash said he |
| 17 | was agreeable to all of the proposals. |
| 18 | THE COURT: Oh, okay. Well, that simplifies things. |
| 19 | Mr. Nash, do you agree with that characterization? |
| 20 | MR. NASH: Yes. We did speak last night. You know, |
| 21 | it was cryptic, and I do apologize, but I thought the concept |
| 22 | was I'm in full agreement. |
| 23 | THE COURT: Okay. Just give me a second. I'm |
| 24 | looking at my email. I'm guessing you sent it to the chambers |
| 25 | email address, and it may not have been forwarded to me. Is |

1    that the address you sent it to?

2    MR. NASH: I'm looking. I think I just replied, so
3    maybe I replied mistakenly, but it was around 8:00 if my memory
4    serves me right.

5    THE COURT: Okay. All right. Anyway, so that
6    simplifies things, and thank you for that.

7    So let's talk scheduling. I also want to discuss
8    trial procedures and -- but maybe we should start with defining
9    the issue that's being tried in the, you know, let's call it
10   the threshold trial.

11   Mr. Strickon, you described that as the pleasant
12   point factors, but in fact, the issue, or at least the main
13   issue that I'm expecting Mr. Nash to brief is whether the
14   governing legal standard is that or some variation of that.

15   MR. STRICKON: Okay. We will -- we can see that when
16   Mr. Nash files his brief on Tuesday if it goes beyond the
17   pleasant point factors.

18   THE COURT: I mean, I think, you know, I have not yet
19   made a decision in terms of what the legal standard is since it
20   hasn't been fully -- it hasn't been briefed to me yet, but I
21   would like to define the threshold issue now. I think the
22   simplest way to do it is to say the threshold trial will be
23   about whether the stay should be lifted on bad faith grounds as
24   defined by the case law. I don't hear any disagreement.

25   MR. NASH: Sorry, Your Honor. Kevin Nash for the

1  Debtor. That is certainly my understanding as to the opening

2  phase of this, and I'll be prepared to present evidence on

3  this.

4           THE COURT: Okay. So, by the way, just where we're

5  going with today's conference as I see it is let's have a --

6  let's walk through the issues, and at the end of it I'm going

7  to ask the two of you to work out an order, scheduling order,

8  that memorializes the various issues. You know, some of them

9  we'll try to bring to rest at today's conference. Other ones

10 we'll just try to define the issue and let the two of you work

11 it out, and we'll do the usual process of if you can work it

12 out, you'll submit a joint order. You'll submit an order

13 saying that you're agreed, and if not, whoever disagrees will

14 file a letter addressing specific disagreements.

15           So let's see. Checking down my list, this is no

16 particular order, Mr. Nash, I like being humane to lawyers

17 since I was one myself. If you want a few more days past next

18 Tuesday, given that we're now on a more leisurely schedule, I'm

19 happy to give you that.

20           MR. NASH: I would appreciate that, Your Honor. You

21 know, I just learned today that there's a little bit of a COVID

22 epidemic in my office, and I don't even know if we're going to

23 be open Monday, so if I can have two more days, I'd appreciate

24 it.

25           THE COURT: Okay. So let's say -- let's do that,

1   Thursday the 10th, and then I gather you're okay with Mr.
2   Strickon putting in his brief one week before the trial date,
3   so that's fine from my standpoint.
4          I also wanted to flag one more issue, and that is I
5   do think it's appropriate to give you an opportunity, Mr. Nash,
6   to put in a very brief reply.
7          You're going to put in your initial brief.  Mr.
8   Strickon is going to respond.  Ordinarily you wouldn't get a
9   reply because he's the moving party, but he didn't brief this
10  in his initial motion papers, and therefore, we're in a funny
11  situation.  I think in fairness, I'm going to give you an
12  opportunity to file a short reply brief if you want.  I'm going
13  to limit it to two pages, single spaced.  I think -- I'm a
14  believer in brevity, and I assume you can manage to compress
15  what you have to say into two pages.
16          MR. NASH:  Thank you, Judge.
17          THE COURT:  Okay.  And actually, Mr. Strickon, I may
18  want to adjust your -- the deadline for your brief slightly
19  because I would like to get the final brief, you know, to have
20  all briefs before me ideally a week before the trial, and
21  again, that should be doable.
22          So let me leave it at this.  I'll let the two of you
23  work out a briefing schedule, but my one condition is that the
24  last brief, the reply brief, be a week before the trial.
25          Okay.  I gather, Mr. Nash, you're okay with serving

1   your discovery requests along with your brief.  That'll go in

2   your order as well, and the order should also say that if the

3   Court doesn't lift the stay following the threshold trial, the

4   Court will schedule one or more hearings at the earliest

5   convenience of the Court and the parties to decide the

6   remaining issues, and we'll endeavor to rule promptly

7   thereafter.

8            And, Mr. Strickon, I gather, in light of your letter,

9   you're willing to have the order say that your client agrees

10  to, you know, subject to what we've just discussed, your client

11  agrees to waive the 30-day mandate of 362(e).

12            MR. STRICKON:  That's correct, Your Honor.

13            THE COURT:  Okay.  All right.  So I think that leaves

14  us with picking a trial date and discussing a few trial process

15  issues.

16            The three dates that you proposed, Mr. Strickon,

17  those -- I think they work for me.  Give me one second.  That's

18  a Wednesday, Thursday, and a Friday.

19            MR. STRICKON:  Wednesday, Thursday, and Friday.  Yes.

20  And we selected those days because we surveyed everyone's

21  availability, and it was not easy.  Too many people on this

22  case.

23            THE COURT:  Okay.  Right.  Right.  Okay.  Give me one

24  second.  Let's do Thursday, the 31st.  I assume that works for

25  both of you.

| | |
|---|---|
| 1 | MR. STRICKON:  Yes, it does, Your Honor. |
| 2 | THE COURT:  Okay.  And you'll work backwards from |
| 3 | that date for the briefing schedule. |
| 4 | Okay.  Let's talk about trial issues.  Well, |
| 5 | actually, let's start with how we'd handle witnesses.  My usual |
| 6 | practice is to have some flexibility, maybe not complete |
| 7 | flexibility, but with respect to the issue of whether witnesses |
| 8 | put on their direct testimony by declaration rather than live, |
| 9 | my usual practice is I let the lawyers propose what they think |
| 10 | best subject to my power to overrule that if I think in a |
| 11 | particular instance I would really want to see the witness |
| 12 | testify live on direct. |
| 13 | But why don't I leave it at that, that I'll leave it |
| 14 | to the two of you.  You'll each have the option, subject to my, |
| 15 | you know, saying yay or nay for each witness, and it doesn't |
| 16 | have to be all one or all the other.  Are you both okay with |
| 17 | that? |
| 18 | MR. NASH:  Yes, Your Honor. |
| 19 | MR. STRICKON:  Yes. |
| 20 | THE COURT:  Okay.  And that leads to the next topic |
| 21 | which is the length of the trial.  It's related because, of |
| 22 | course, if you do declarations, it shortens the trial.  I think |
| 23 | this should be doable within one day, a single trial day.  Give |
| 24 | me your thoughts on that. |
| 25 | MR. STRICKON:  I can't imagine it would go beyond one |

1   trial day, Your Honor.

2           THE COURT:  Mr. Nash?

3           MR. NASH:  From my perspective, I'm going to speak to
4   Mr. Strickon, and I assume we're going to do declarations to
5   even try to get it more crystalized, and so one day I think
6   we'll have all the issues before you.

7           THE COURT:  Okay.  All right.  Yeah.  I mean, I
8   think, that was part of my thinking in trifurcating the issues
9   the way I did, that this should be pretty simple and
10  straightforward.

11          So let's plan on that.  It'll be a single day, and
12  less than a full day if possible.  Think about whether you want
13  to agree on time limits for each side.  It may not be
14  necessary.  I mean, to infer based on your briefs, you're both
15  capable of being concise, which is a good thing in my mind, and
16  I'm hoping you'll do the same with your witnesses, but I leave
17  it to you whether you want to propose time limits per side.
18  And if you do, obviously, well, the way I do time limits, to
19  take Mr. Strickon as an example, you would be chargeable with
20  any time your witnesses spend testifying live on direct and any
21  time you spend cross-examining Mr. Nash's witnesses and vice
22  versa.  So in other words, you're not charged, Mr. Strickon,
23  with the time Mr. Nash takes to cross your witnesses.

24          MR. STRICKON:  Thank you.

25          THE COURT:  That would be unfair.  So anyway, I leave

1  that to you.  I think that may not be necessary given that this
2  looks like it'll be pretty -- well, let me put it this way.  If
3  either of you thinks this threatens to need more than one day,
4  then I do want you to work out time limits that will prevent
5  that from happening.
6           Okay.  Finally -- oh, let's see.  If you want to do
7  declarations for direct testimony, then your scheduling order
8  should include a date by which you'll both exchange them and
9  file them with the Court.  I think -- I often do three days,
10 not later than three days before trial, but I leave that, well,
11 sorry.  Let me change that.
12          I don't want it to be less than three days before
13 trial.  If you want to make it more, you're welcome to.
14          You should also agree to exchange witness lists.
15 That would be all witnesses except rebuttal witnesses.
16          And, by the way, these latter points, what should go
17 in the scheduling order is a date by which witness lists will
18 be exchanged.  I'm not expecting the witnesses to be in the
19 scheduling order.
20          And similarly for exhibits, the scheduling order
21 should have a date to exchange witness lists and then also a
22 date by which you'll give the Court full sets of exhibits, and
23 if you look at my chamber's rules, there's a link to a sample
24 pretrial order that gives you certain directions concerning how
25 many days in advance I want that.  If you think it's too many

1   days in advance, I'm, you know, amenable to being flexible, but
2   just look at that to give you an idea of how I usually like to
3   do it.
4          Oh, and with exhibits, I expect you to do the usual
5   thing, that is, you know, X days before the trial, you'll
6   exchange -- actually, I think it probably works best if you
7   agree that X days before the trial you will file a pretrial
8   order, or a sort of short version of it, that for exhibits, you
9   know, lists all the agreed exhibits, and then for each side
10  lists exhibits they propose to put in and specifies the
11  objections made by the other side to each exhibit.  So that's
12  something, you know, I expect you to work out between
13  yourselves the best you can and then file a pretrial order that
14  reflects where you came out.
15         And finally, I leave it to you whether you want to
16  include fact stipulations.  My view is I don't -- I think it's
17  overkill to -- I'm not going to push you to go overboard on
18  fact stips, but if there are facts that are really quite clear
19  cut and there's no basis to dispute them and they'd be helpful
20  to streamlining the trial, then I'd appreciate your, you know,
21  putting those in your pretrial order as well.
22         So that's what I wanted to share with you in terms of
23  what I'd like to see in your scheduling order.
24         I guess I'll ask you next when -- I want to give you
25  a deadline to give me your scheduling order, and I'm willing

1   to, you know, take the lead from the two of you on that timing

2   issue, but before I do any, does anyone have any issues with

3   the substance of what I have covered?

4            MR. NASH:  No, Your Honor.  I'm sure we'll be able to

5   work out all these issues in the scheduling order.  I don't

6   anticipate any major controversy.

7            MR. STRICKON:  I don't either, Your Honor.

8            THE COURT:  Okay.  Excellent.  How much time do you

9   want to file your scheduling order?

10           MR. STRICKON:  I would like some time to finalize the

11  scheduling order after we see the Debtor's brief on the 10th of

12  August because I think it may drive some of the provisions in

13  the scheduling order.

14           THE COURT:  So give me a date.

15           MR. NASH:  17th, Judge.  The week after.

16           MR. STRICKON:  Yeah.  I think that would be fine,

17  Your Honor.

18           THE COURT:  So I just want to work backwards in my

19  head.  I think we agreed that the trial date is the 31st.

20           MR. STRICKON:  Right.

21           THE COURT:  So if your scheduling order is two weeks

22  before the trial, does that leave you enough time to do the

23  various things that the scheduling order will require you to

24  do?

25           MR. NASH:  I think it will because once the brief is

```
 1   filed, we'll have a very clear sense, and while we're preparing
 2   the briefs, I think we'll be able to get Your Honor the
 3   scheduling order, and I assume, maybe I'm wrong, you'll want
 4   exhibit books in chambers three days before with the
 5   declarations, so you'll have the exhibit books, the
 6   declarations, and, you know, we're all set to go.
 7             THE COURT:  I think that's a good assumption.  Yup.
 8             MR. STRICKON:  Yeah.  I think so.
 9             THE COURT:  Okay.  All right.  So think we're
10   actually done.  This was easy.  I appreciate the two of you
11   agreeing on the threshold issues -- threshold process issues.
12             Anything further that we should cover?
13             MR. NASH:  No, Your Honor.
14             MR. STRICKON:  Nothing on my agenda.
15             THE COURT:  Okay.  All right.  Enjoy the weekend.
16             MR. NASH:  You too, Judge.
17             THE COURT:  Take care.
18                       (PROCEEDING CONCLUDED)
19
20
21
22
23
24
25
```

```
 1                        CERTIFICATION
 2
 3         I, Diane C. Genender, certify that the foregoing is
 4  a correct transcript from the sound recording in the above-
 5  entitled matter.
 6  Dated:  August 15, 2023
 7
 8
                                    _____
 9
10                                  Signature of Approved Transcriber
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```