UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 560 Seventh Avenue Owner Primary LLC, | Case No. 23-11289-PB |
| 560 Seventh Avenue Owner Secondary LLC, | Case No. 23-11071-PB |
| Debtors. | Jointly Administered |

-----------------------------------------------------------x

**DECLARATION OF DAVID CRABTREE
IN SUPPORT OF CURRENT HOTEL MANAGEMENT**

David Crabtree declares the following under penalties of perjury pursuant to 28 U.S.C. §1746:

1. I am the president of IMCMV Times Square LLC (the "Tenant") which leases certain commercial premises within 560 Seventh Avenue, New York, NY 10018 (the "Property"), otherwise known as the Margaritaville Times Square Resort Hotel (the "Hotel") , under two separate leases with 560 Seventh Avenue Owner Primary LLC (the "Landlord"), as more particularly described on Exhibit "A" attached hereto (the leases, as amended and assigned, collectively, the "Leases").

2. The terms of the Leases of the Property are described therein.

3. I have been involved in negotiating and operating under the Leases for the Tenant during the development of the Hotel, which opened in 2021 after two plus years of construction, overlapping with the COVID-19 pandemic.

4. My company entered into a Trademark License Agreement with Margaritaville Enterprises in December 2013.

5. I have maintained a professional working relationship with the Hotel's senior management team since the Lease negotiations commenced in April of 2017. I have been made

aware that there are financial issues facing the Property, including the outstanding loans owed to the senior and mezzanine lenders.

6. I am also aware that there is litigation between the Property's equity holder and the senior mezzanine lender, AREPIII MVTS LLC and CREP Times Square Hotel LLC (jointly, the "<u>Senior Mezzanine Lender</u>") over ownership control of the Property.

7. While I acknowledged to the Senior Mezzanine Lender that a change in control of the ownership of the Hotel would not cause a termination of the Leases, the current management has told me that it has the means and desire to restructure all the Hotel's debts and obligations that are in arrears, including the loans owed to the Senior Mezzanine Lender. Current management has previously completed the financing it said it would complete. I would support the court allowing the current management a limited period to accomplish a refinancing of their debts and other obligations that are in arrears.

8. I have witnessed the closing of two separate financing events on the Property by the current ownership group.

9. I have witnessed current management's consistent efforts to maintain a strong branded Margaritaville hotel in Times Square.

10. While the Landlord's reimbursements of restaurant charges to the Hotel guests' accounts and the Tenant's share of resort fees (which terms are more specifically set forth in the Leases) have consistently been in arrears, other than sending notices and a demand letter, the Tenant has not taken any legal action to terminate the Leases or guarantees at this point.

Dated: New York, NY
       August 25, 2023

                                                                                   David Crabtree

EXHIBIT "A"

560 Seventh Avenue Owner LLC and Tenant entered into that certain Agreement of Lease dated March 5, 2018 (the "**Original Margaritaville Lease**") for premises (the "**MV Demised Premises**") comprised of a portion of the ground floor, the entire second floor and the entire third floor (except for a portion of the Second or Third Floor to be used for mechanical equipment purposes), all as more fully set forth on the floor plans annexed to the Original Margaritaville Lease as Exhibits "A-1, A-2 and A-3", located in the building known as 560-564 Seventh Avenue (a/k/a 201-207 West 40th Street), New York, New York 10018 (the "**Property**" or "**Building**");

560 Seventh Avenue Owner LLC assigned the Original Margaritaville Lease and "Original Related Lease" (defined hereinafter) to Landlord by that certain Assignment and Assumption of Lease ("**Assignment**"), dated as of February 21, 2019 between 560 Seventh Avenue Owner LLC, as assignor, and 560 Seventh Avenue Owner Primary LLC, as assignee;

Landlord and Tenant entered into that certain First Amendment to Lease Agreement, dated as of February 21, 2019 (the "**First Amendment**"), Second Amendment to Margaritaville Lease Agreement and First Amendment to the Related Lease dated effective as of February 3, 2021 (the "**Second Amendment**"); and Third Amendment to Margaritaville Lease Agreement and Second Amendment to the Related Lease dated effective as of September 14, 2021 (**the "Third Amendment"**) the Original Margaritaville Lease as assigned by the Assignment and modified by the First Amendment, the Second Amendment and the Third Amendment herein referred to as the "**Margaritaville Lease**");

560 Seventh Avenue Owner LLC and Tenant also entered into that certain Agreement of Lease dated March 5, 2018 (the "**Original Related Lease**") for premises described in the Margaritaville Lease as the Landshark Premises, the 5 O'clock Premises, the Chill Premises and the Licensed Premises, which was amended by the First Amendment and the Second Amendment and assigned by the Assignment (the Original Related Lease as modified by the First Amendment and Second Amendment and as assigned by the Assignment is hereafter referred to as the "**Related Lease**" and the Demised Premises pursuant to the Related Lease is hereafter referred to as the **"Related Demised Premises"**.