```
                        UNITED STATES BANKRUPTCY COURT
                         SOUTHERN DISTRICT OF NEW YORK

 ------------------------------------------
 In re:                                      Case #23-11071-pb
                                             New York, New York
 560 SEVENTH AVENUE OWNER SECONDARY LLC,     August 31, 2023
                                   Debtor.   10 o'clock calendar
 ------------------------------------------

           DOC 10, MOTION FOR RELIEF FROM STAY FILED BY
        HARVEY A. STRICKON ON BEHALF OF AREPIII MVTS, LLC
                  AND CREP TIMES SQUARE HOTEL LLC

        - APPEARANCES BEFORE THE HONORABLE PHILIP BENTLEY -

For debtor:                     KEVIN J. NASH, ESQ.
                                Goldberg Weprin Finkel Goldstein LLP
                                125 Park Avenue, 12th Floor
                                New York, New York 10017
                                (212) 301-6944
                                kjnash@gwfglaw.com

For AREPIII MVTS, LLC and       HARVEY A. STRICKON, ESQ.
CREP Times Square Hotel LLC:    ZACHARY ZWILLINGER, ESQ.
                                GABRIELLE M. FLAUM, ESQ.
                                Paul, Hastings, Janofsky Walker LLP
                                75 East 55th Street
                                New York, New York 10022-3205
                                (212) 318-6000

For United States Trustee:      BRIAN S. MASUMOTO, ESQ.
                                One Bowling Green
                                New York, New York 10004-1408
                                (212) 510-0500
                                nysbnotice@gmail.com

For OWS CRE Funding I, LLC:     GREGORY PETRICK, ESQ.
                                INGRID BAGBY, ESQ.
                                MICHELE MAMAN, ESQ.
                                MICHAEL E. PETRELLA, ESQ.
                                Cadwalader, Wickersham Taft LLP
                                200 Liberty Street
                                New York, New York 10281
                                (212) 504-6000

For Global One Professional     LAURA E. APPLEBY, ESQ.
Investment Type Private:        Faegre Drinker Biddle Reath LLP
                                1177 Avenue of Americas, 41st Fl.
                                New York, New York 10036
                                (212) 248-3140
                                laura.appleby@faegredrinker.com
```

```
                                                                              2

 1                        - A P P E A R A N C E S -

 2   For AREPIII MVTS, LLC:           GREG DENTON
                                      The Arden Group
 3                                    5324 Highland Way
                                      Mentor, Ohio 44060
 4                                    (786) 218-1275
                                      gd@ardengroup.com
 5
     For CREP Times Square Hotel:     BRANDON FLURY
 6                                    Corten Real Estate Management LLC
                                      5425 Wisconsin Avenue, Suite 700
 7                                    Chevy Chase, Maryland 20815
                                      (202) 255-1588
 8                                    bflury@cortenrealestate.com

 9   For CREP Times Square Hotel:     PENNOCK J. YEATMAN
                                      8007 Navajo street
10                                    Philadelphia, PA 19118
                                      (215) 500-4950
11                                    pjy@cortenrealestate.com

12   For Margaritaville Enterprises:  DAVID B KURZWEIL, ESQ.
                                      Greenberg Traurig, LLP
13                                    3333 Piedmont Road NE, Suite 2500
                                      Atlanta, Georgia 30305
14                                    (678) 553-2680
                                      kurzweild@gtlaw.com

15   For IMCMV Times Square, LLC:     JEFFREY A. REICH, ESQ.
                                      LAWRENCE R. REICH, ESQ.
16                                    Reich, Reich, & Reich PC
                                      235 Main Street, Suite 450
17                                    White Plains, New York 10601
                                      (914) 949-2126; (914) 949-1604 fax
18
     For DHG TSQ, LLC:                FRED B. RINGEL, ESQ.
19                                    ROBERT M. SASLOFF, ESQ.
                                      Leech Tishman Robinson Brog PLLC
20                                    875 Third Avenue, 9th Floor
                                      New York, New York 10022
21                                    (212) 603-6300

22   For DHG TSQ, LLC:                RABINDER PAL SINGH
                                      200 W. 55th Street, Suite 42
23                                    New York, New York 10019
                                      (917) 374-2131
24                                    rsingh@brookriverhotels.com

25
```

3

- A P P E A R A N C E S -

**LISTEN ONLY**

| | |
|---|---|
| For OWS BCA Funding, LLC: | ANTHONY L. GREENE, ESQ.<br>RAYMOND NAVARO, ESQ.<br>MARC VEILLEUX, ESQ.<br>Cadwalader, Wickersham Taft LLP<br>200 Liberty Street<br>New York, New York 10281<br>(212) 504-6000 |
| For Contract-Counterparty of Subsidiary: | SARA HOFFMAN, ESQ.<br>Greenberg Traurig, LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>(212) 801-6834<br>hoffmans@gtlaw.com |
| For Global One Professional Investment Type Private: | RAHIL KAPUR<br>FTI Consulting<br>3 Times Square, 9th Floor<br>New York, New York 10036<br>(212) 247-1010<br>rahil.kapur@fticonsulting.com |
| For CREP Times Square Hotel: | STEVEN SCHROEDER, ESQ.<br>Corten Real Estate<br>4700 6th Street S<br>Arlington, VA 22204<br>(703) 408-2663<br>sschroeder@cortenrealestate.com |
| For Independent Managers: | JASON S. LEVIN, ESQ.<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, Delaware 19801<br>(302) 888-6888<br>jlevin@morrisjames.com |
| For Garment Ctr Congregation: | SCOTT S. MARKOWITZ, ESQ.<br>Tarter Krinsky Drogin LLP<br>1350 Broadway, 11th Floor<br>New York, New York 10018<br>(212) 216-8000<br>smarkowitz@tarterkrinsky.com |
| For AREPIII MVTS, LLC and CREP Times Square Hotel LLC: | JODI KLEINICK, ESQ.<br>VICTORIA J SIESTA, ESQ.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6000 |

4

- A P P E A R A N C E S -

**LISTEN ONLY**

| | |
|---|---|
| Interested party: | CRAIG SPENCER<br>6864 Fisher Island Drive<br>Miami, Florida 33109<br>(215) 370-8200<br>cas@ardengroup.com |
| Interested party: | JORDAN SAUER<br>1620 26th Street, Suite 6000N<br>Santa Monica, California 90404<br>(646) 262-1668<br>jsauer@beachpointcapital.com |
| Interested party: | PALMER LEFF<br>767 5th Avenue<br>New York, New York 10021<br>(732) 492-5805<br>pleff@beachpointcapital.com |
| For The Wallstreet Journal: | BECKY YERAK<br>401 Justison Street, Suite 34<br>Wilmington, Delaware 19801<br>(312) 543-1306<br>becky.yerak@wsj.com |
| interested party: | PENNOCK J. YEATMAN<br>Corten Real Estate<br>8007 Navajo Street<br>Philadelphia, Pennsylvania 19118<br>(215) 500-4950<br>pjy@cortenrealestate.com |
| For Debtwire | TAYLOR HARRISON<br>1501 Broadway<br>New York, New York 10036<br>(859) 559-5694<br>taylor.harrison@iongroup.com |
| For the ABI Project: | UDAY GORREPATI<br>2725 Turtle Ridge Drive<br>Bloomfield Township, MI 48302<br>(313) 284-7244<br>uday.gorrepati@gmail.com |
| Transcriber: | AA EXPRESS TRANSCRIPTS<br>195 Willoughby Avenue, Suite 1514<br>Brooklyn, New York 11205<br>(888) 456-9716<br>contact@aaexpresstranscripts.com |

(Proceedings recorded by electronic sound recording)

1     COURTROOM DEPUTY:  Good morning.  This is Greg White,
2 the courtroom deputy.  We're here on case number 23-11071, 560
3 Seventh Avenue Owner Secondary LLC, on the motion for relief
4 from stay.  At this time, for those who wish to speak, please go
5 ahead and state your name and who your represent for the record,
6 please.
7     MR. NASH:  Yes.  Good morning.  Kevin Nash for the
8 debtor.
9     MR. STRICKON:  Good morning.  Harvey Strickon, Paul
10 Hastings, LLP, for the secured party.
11     MR. KURZWEIL:  Good morning, David Kurzweil with
12 Greenberg Traurig on behalf of Margaritaville Enterprises.
13     MR. REICH:  Good morning, I'm Jeffrey Reich, from the
14 Law Firm of Reich, Reich, & Reich PC.  And we represent IMCMV
15 Times Square, LLC.  Good morning.
16     MS. BAGBY:  Ingrid Bagby from Cadwalader, Wickersham &
17 Taft, on behalf of OWS CRE Funding I, LLC
18     MR. RINGEL:  Good morning, Your Honor, this is Fred
19 Ringel, from Leech Tishman Robinson Brog.  I'm here because one
20 of my clients has been designated as witness.  My client is DHG,
21 TSQ, LLC.  Don't hold me to that, I've been mixing up these
22 letters since the beginning of the case.  But they're the hotel
23 manager.
24     MR. MASUMOTO:  Good morning.  Brian Masumoto for the
25 Office of the United States Trustee.

560 Seventh Avenue Owner Secondary - 8/31/23   6

1   COURTROOM DEPUTY: Okay. Thank you, everyone. The
2 judge will be out in just a moment.
3   THE COURT: Good morning, everyone. Sorry to keep you
4 waiting, we had an 8:30 hearing that ran longer than expected.
5 In any event, I understand that we may have a settlement. So,
6 who would like to present that to me?
7   MR. STRICKON: I would, Your Honor. Harvey Strickon,
8 Paul Hastings, representing the secured lender. In discussions
9 we had yesterday late afternoon with counsel for the debtor.
10 And when I say the debtor, we're talking about secondary debtor
11 which is the mezzanine borrower. We reached an understanding
12 where the debtor would consent to a termination of the automatic
13 stay to allow the UCC disposition to proceed. The only
14 condition that was imposed was that the sale be rescheduled no
15 earlier than 45 days after the entry of the order, and that
16 nothing in the order would preclude the debtor from seeking
17 financing or filing a plan of reorganization. We agreed to
18 that. We prepared a stipulation and proposed order, which was
19 submitted to your chambers late yesterday and we would request
20 that the court approve the stipulation and enter the order.
21   THE COURT: Thank you, Mr. Strickon. Mr. Nash, is
22 there anything you wanted to add?
23   MR. NASH: Nothing substantive. That was the
24 agreement that we reached. I thank Mr. Strickon for the
25 opportunity. I think it's a fair settlement to both sides. I

560 Seventh Avenue Owner Secondary - 8/31/23                     7

1  signed off on it yesterday, and we submitted it to Your Honor.
2  And I, too, would ask that the court enter it today.
3          THE COURT:  All right.  Would anybody else like to be
4  heard with respect to the proposed resolution of this motion?
5          MR. RINGEL:  Your Honor, Fred Ringel, Leech Tishman
6  Robinson Brog for the hotel manager.  I would just like to see a
7  copy of it before it's entered.  I don't suspect it impacts my
8  client's rights, but I would just like to review it once quickly
9  and make sure.
10         MR. STRICKON:  If You'd like, I can do that right now.
11         MR. RINGEL:  That's fine.
12         MR. STRICKON:  Hold on one second.
13         MS. BAGBY:  Your Honor, it's Ingrid Bagby from
14 Cadwalader for OWS CRE Funding, the senior lender to the hotel.
15 This is news to us as well.  And we also would like to see a
16 copy of the stipulation, if that's possible.
17         MR. REICH:  Your Honor, I would ask the same.  This is
18 Jeffrey Reich, I would ask the same for my client, IMCMV Times
19 Square, LLC.
20         THE COURT:  I'm just going to pause while everybody
21 jumps in.
22         MR. REICH:  I'm sorry, judge, nobody knew.
23         THE COURT:  No, no.
24         MR. REICH:  This is the first we heard.
25         THE COURT:  It's perfectly all right.  It's a

```
                560 Seventh Avenue Owner Secondary - 8/31/23              8
 1   legitimate request.  Mr. Strickon, what's the simplest way to
 2   deal with this?  Do you want to send it to everybody on the
 3   line?
 4            MR. STRICKON:  I could send it to everyone on the line
 5   if I knew how to do that.
 6            MR. NASH:  We had enough trouble yesterday between
 7   Harvey and I, getting it back and forth to each other.  So,
 8   between both of us, we will circulate it to counsels.  It's
 9   short and sweet, and it lays out exactly what we said, and it
10   doesn't affect anybody else's rights, and it preserves the
11   status quo with the senior lender.  But we will circulate that
12   as best as we can.
13            THE COURT:  So, let me propose this.  I assume there's
14   no reason you can't circulate it within the next 15 minutes, and
15   assuming that's right, I'm going to wait -- well -- and also,
16   let me ask you logistically, have you submitted this to chambers
17   in Word version?
18            MR. STRICKON:  Yes, Your Honor.
19            THE COURT:  All right.  So, we're going to wait until
20   4 p.m. this afternoon, just on the off chance that we get
21   comments from one or more of the parties.  I think that's
22   unlikely because I have reviewed the stipulation, and it was
23   accurately described a few moments ago, and it does seem pretty
24   straightforward and plain vanilla.  But in any event, we'll wait
25   until four o'clock, and if we've heard no objections, then we'll
```

```
                560 Seventh Avenue Owner Secondary - 8/31/23              9
 1   do our usual vetting of the words of the order, and it's
 2   conceivable we'll have some minor changes, but in substance, it
 3   looks acceptable to me, so you can expect that we will enter it.
 4           MR. STRICKON:  Would it make sense, Your Honor, if I
 5   downloaded it onto the docket and everybody that has an
 6   appearance in the case will get it automatically?
 7           THE COURT:  I think that's a good idea.
 8           MR. STRICKON:  That's what I will do as soon as we get
 9   off our call.
10           THE COURT:  Okay.  All right.  I guess while we're
11   here, Mr. Nash, should we take a moment?  Do you want to address
12   anything relating to next steps in this case?
13           MR. NASH:  We're going to be, before, Your Honor, on,
14   I guess, Tuesday, if I'm not mistaken, at 2:30 on continued use
15   of cash collateral.  With the trial over, I have time to work
16   with Ms. Bagby on a supplemental order, and so, I think we're
17   going to see each other, if I'm not mistaken, I think it's the
18   fifth.  I think that's Tuesday in the afternoon.
19           THE COURT:  I have that as well.  So, that is fine.
20   And I can understand if you may need to catch your breath, as it
21   were, after this eve of trial settlement.
22           MR. NASH:  Well, lifting the trial binders was heavy
23   enough work.
24           THE COURT:  Okay.  All right.
25           MS. BAGBY:  Your Honor, may it be heard on cash
```

560 Seventh Avenue Owner Secondary - 8/31/23      10

1  collateral just with respect to Tuesday?
2           THE COURT:  Okay.
3           MS. BAGBY:  It's Ingrid Bagby from Cadwalader for OWS
4  CRE Funding.  I'm pleased to hear that the debtor will now turn
5  its attention to cash collateral.  I think, as we referenced at
6  the prior hearing, or actually the first day conference in the
7  hotel case, if the stay is being lifted, we do have concerns
8  about continued management of the hotel.  We have sent the
9  debtor a proposed order.  We actually sent that on Monday that
10 reflects additional protections for the hotel in just this
11 circumstance, although we didn't realize it would be happening
12 through a stipulation amongst the parties as opposed to Your
13 Honor's ruling.  But I want to tee that up that it's imperative
14 from our perspective that we have the protections that we've put
15 in the order and that hopefully we will hear back from the
16 debtor, their response, with respect to those.  But in the
17 meantime, we trust that the debtor will continue to observe its
18 obligations as a debtor in possession with respect to the hotel
19 and our collateral.
20          THE COURT:  That's a legitimate point, and I'm glad
21 you raised it, because, frankly, I now recall the discussion we
22 had about this circumstance, but it was not top of mind until
23 you raised it just now.  Frankly, I guess -- I want to hear from
24 Mr. Nash about this.  But my reaction to this stipulation is,
25 I'm not sure I know enough to understand whether it raises the

1  concerns that you're pointing to or not.  That is, as I
2  understand the point of the stip, the trade that's reflected in
3  it, it gives the debtor 45 days to try to come up with money to
4  avoid a foreclosure.  I mean, is that the essence of it, Mr.
5  Nash?
6              MR. NASH:  Yes.
7              THE COURT:  And so, the upshot is, we don't know.
8  Right, Ms. Bagby, when we last discussed your concerns, the ones
9  you're bringing back up now, the concern was a scenario where I
10 have ordered the stay lifted essentially immediately, and here
11 we have a stipulation that, in effect, says the stay may or may
12 not wind up being lifted in a way that matters 45 days from now.
13             MS. BAGBY:  Yes, Your Honor, I think the concern there
14 is, to be frank, nobody other than the debtor itself knows what
15 the bona fides or the possibility of this mythical financing
16 will be.  And so, you could have a scenario where we had 45 days
17 where this owner continues to be involved in the management of
18 the hotel while this owner does not have a realistic shot at
19 obtaining financing, and therefore you will have misaligned
20 economic interests between control versus getting the economic
21 benefit.  So, I raised this because it is top of mind for our
22 client, and I am hopeful that we can resolve this with the
23 debtor in a way that protects our client within the cash
24 collateral construct, but I obviously need to hear back from the
25 debtor on that.  I understand they've been busy resolving this

1  aspect of things.  But it is urgent for us because we don't want
2  to be in a scenario where it becomes obvious to only the debtor
3  that there is no possibility of financing, and yet the debtor is
4  continuing to manage our collateral.
5              THE COURT:  No, I get the point.  I think it's a very
6  legitimate point.  So, for starters, I'd like to hear Mr. Nash's
7  response.
8              MR. NASH:  Well, we will be back to the lender by
9  tomorrow.  I did see the new version of the cash collateral
10 stipulation.  I think when Ms. Bagby sees the stipulation that
11 we have, we're remaining in place under the cash collateral
12 order, and I hope to work out their issues by tomorrow under the
13 new version of the order.
14             THE COURT:  Okay.  Look, you're both very capable
15 lawyers.  I would hope that this should be eminently workout-
16 able, if that's a word.  And I hope and trust that the two of
17 you won't force this into litigation.  You have legitimate
18 issues on both sides, and you should be able to work it out.
19 So, with that wrap on the knuckles, so to speak, please do your
20 best.  But, Ms. Bagby, if you're not able to work it out and you
21 need relief, including very prompt relief from the court, you
22 know how to reach me.
23             MS. BAGBY:  Thank you, Your Honor.
24             THE COURT:  All right.  Is there anything else?
25             MR. NASH:  No, Your Honor.

560 Seventh Avenue Owner Secondary - 8/31/23                13

1   THE COURT: Okay. All right, well, we all now have a
2 day to go out and play and start our weekend early, maybe
3 Except for the two of you, except for you and Ms. Bagby. But
4 enjoy the holiday weekend, and I'll see you all or most of you
5 on Tuesday.
6   ALL COUNSEL: Thank you, Your Honor.
7   THE COURT: Take care.
8                          - o0o -
9                       CERTIFICATION
10 I, Rochelle V. Grant, approved transcriber, certify that the
11 foregoing is a correct transcript from the official electronic
12 sound recording of the proceedings in this matter, 23-11071-pb,
13 held on 8/31/23.
14 *[signature: Rochelle V. Grant]*
15 September 1, 2023