| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>In re:<br><br>560 Seventh Avenue Owner Secondary LLC,<br><br>                            Debtor.<br>-------------------------------------------------------------x | Hearing Date and Time:<br>December 3, 2024 @ 3:00 p.m.<br><br>Chapter 11<br><br>Case No. 23-11071-PB |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that, upon the annexed application of 560 Seventh Avenue Owner Secondary LLC, the Debtor herein, a motion will be made at a hearing to be held on December 3, 2024 at 3:00 p.m. before the Honorable Philip Bentley at the U.S. Bankruptcy Court, One Bowling Green, New York, NY 10004 (the "Hearing") for the entry of an Order dismissing the within Chapter 11 case.

PLEASE TAKE FURTHER NOTICE that the Hearing will be conducted by Zoom. Parties wishing to participate in and/or listen to the Hearing can register using the Court's "eCourt appearances" tool on the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed relief, must be filed on the Court's electronic docket no later than seven (7) days prior to the hearing date.

Dated: New York, New York
       November 8, 2024

                                              Goldberg Weprin Finkel Goldstein LLP
                                              *Attorneys for the Debtor*
                                              125 Park Avenue, 12th Floor
                                              New York, New York 1017
                                              (212) 221-5700

                                              By:    /s/ Kevin J. Nash, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 11

560 Seventh Avenue Owner Secondary LLC,          Case No. 23-11071-PB

                                               Debtor.
-------------------------------------------------------------x

## DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

The motion of 560 Seventh Avenue Owner Secondary LLC ("Secondary") seeking to dismiss this Chapter 11 case pursuant to 11 U.S.C. §1112(b) due to the absence of any continuing bankruptcy purpose, represents and shows this Court as follows:

### Preliminary Statement

1. While Secondary initiated bankruptcy proceedings surrounding the Margaritaville hotel in advance of the actual Hotel by 560 Seventh Avenue Owner Primary LLC (the "Hotel") on August 12, 2023, subsequent events have mooted any further need for bankruptcy relief on behalf of Secondary. Specifically, Secondary's 100% membership interest in the Hotel (comprising its sole scheduled asset) was foreclosed upon by the senior mezzanine lender, affiliates of Arden Asset Management known as AREPIII MVTS LLC and CREP Times Square Hotel LLC (jointly, the "Senior Mezzanine Lender"). Thus, Secondary no longer has any interest in the Hotel capable of being protected in Chapter 11. Accordingly, the Chapter 11 case of Secondary should be dismissed.

### Background Facts

2. Following the foreclosure sale of the membership interests on December 19, 2023, the Senior Mezzanine Lender took full control of the Hotel, replacing Secondary's

management team, and thereafter moved to terminate joint administration of the Primary and Secondary Chapter 11 cases. This motion was granted pursuant to Order dated January 30, 2024 (ECF No. 42) upon the ground that the respective Debtors were no longer affiliates. The facts supporting termination of joint administration also apply here to support dismissal of Secondary's Chapter 11 case. Without the Hotel's creditors, this bankruptcy is a one-on-one dispute between Debtor and Senior Mezzanine Lender.

      3.      On July 9, 2023, Secondary initially filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code to stay a then-pending Article 9 UCC foreclosure sale (the "UCC Sale") initiated by the Senior Mortgage Lender. While the Chapter 11 case has been dormant since the foreclosure, Secondary nevertheless technically remains a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

      4.      On August 12, 2023, Primary, as the owner of the Hotel, filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. Primary is active and remains in possession and management of its assets (*i.e.*, the Hotel) as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

      5.      On September 1, 2023, the Court entered a consent Order [ECF No. 39] vacating the automatic stay as to Secondary as of October 15, 2023, to permit the Senior Mezzanine Lender to complete the UCC Sale relating to Secondary's 100% membership interest in the Hotel.

      6.      After additional motion practice [*See,* Primary Docket ECF Nos. 82 and 85], the Senior Mezzanine Lender ultimately paid the necessary transfer taxes due in connection with the transfer of the membership interests and completed the foreclosure sale,

whereupon the 100% membership interests in Primary were transferred to AC MVTS Holdco, LLC in exchange for $1,000.

7. On December 21, 2023, Primary filed the Notice of Transfer of Shares of 560 Seventh Avenue Owner Primary LLC [ECF No. 92] confirming the transfer of the 100% equity interest which assumed ownership and operating control of the Hotel.

8. Since late last year, the Senior Mezzanine Lender has directed the Hotel's Chapter 11 case and all business operations. Conversely, Secondary was phased out and no longer has a role in the Primary Chapter 11 case as operator of the Hotel. Any equity in the Hotel over and above the senior mortgage debt and allowed unsecured claims belongs to the Senior Mezzanine Lender based upon its status as the superseding equity holder, except to the extent that the equity in the hotel exceeds the Senior Mezzanine Loan. Senior Mezzanine Lender's claim in this bankruptcy is essentially a deficiency claim for the value of Senior Mezzanine Loan less the value of the Hotel. Secondary asserts that it is owed a surplus because the value of the Hotel exceeds the value of the Senior Mezzanine Loan. The competing claims would be more properly litigated in state court.

## Legal Argument

9. Under Section 1112(b) of the Bankruptcy Code, the Court shall dismiss or convert a Chapter 11 case if cause exists, whichever is in the best interests of the estate and creditors. Following the foreclosure and transfer of Secondary's only scheduled asset, the bankruptcy estate does not have anything of significance to administered and there are no ongoing business operations. Indeed, the Court appeared ready to dismiss the Chapter 11 case of Secondary as functionally being a two-party dispute without the ensuing Chapter

3

11 filing by the Hotel. There is no benefit or reason for Secondary to continue in Chapter 11.

10. In the wake of a change of control, the only open legal issues relate to the alleged liability of the guarantors for a deficiency claim which is being litigated in state court regarding the commercial reasonableness of the UCC Sale. These issues involve non-debtors and will invariably be adjudicated in state court. If the deficiency is eliminated or reduced, the Debtor may recover damages for the loss of any surplus. This is the only relevant issue in the dispute between the Debtor and the Senior Mezzanine Lender.

11. Likewise, any potential liability of the guarantors to the Junior Mezzanine Lender (Global One Professional Investment Type Private U.S. Real Estate Investment Trust No. 1(H) and Global One Professional Investment Type Private U.S. Real Estate Investment Trust No. 2(H)), also implicate state law claims among non-debtors and do not require continuation of the Chapter 11 case of Secondary.

12. Both the Senior Mezzanine Lender and Global One shall receive notice of this motion, along with the Office of the U.S. Trustee and two creditors, Quill Corporation and Con Ed, which filed proofs of unsecured claims that are properly directed against the Hotel and not Secondary. As a condition of dismissal, the principals of Secondary shall pay any accrued quarterly fees and assume responsibility for any outstanding legal fees and expenses.

5

WHEREFORE, the Debtor prays for the entry of an Order dismissing this Chapter 11 case, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
November 7, 2024

                                            Goldberg Weprin Finkel Goldstein LLP
                                            Attorneys for the Debtor
                                            125 Park Avenue, 12th Floor
                                            New York, New York 10017
                                            (212) 221-5700

                                      By:    /s/ Kevin J. Nash